STATE of Wisconsin, Plaintiff-Respondent,

v.

Gilbert E. ALLEN, Defendant-Appellant.†

Court of Appeals

*No. 87–1901–CR. Submitted on briefs October 12, 1989.—Decided February 22, 1990.*

(Also reported in 454 N.W.2d 44.)

†Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the briefs of *William E. Schmaal,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, with *Daniel J. O'Brien,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. Gilbert Allen appeals from an order denying his motion for postconviction relief under sec. 974.06, Stats.[1] The issues are whether Allen was prejudiced by errors in jury instructions and whether we

[1]Section 974.06, Stats., reads in relevant part:

> (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . ..
>
> (3) Unless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief, the court shall:
>
> . . ..
>
> (c) Grant a prompt hearing.
>
> (d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
>
> . . ..
>
> (7) An appeal may be taken from the order entered on the motion as from a final judgment.

have the authority in this appeal under sec. 752.35, Stats.,[2] the discretionary reversal statute, to reverse Allen's judgment of conviction and remand for a new trial. We conclude he was not prejudiced and for that reason we affirm the order appealed from. We further conclude that we do not have the power in this appeal to reverse the judgment of conviction in the interest of justice.

Allen was charged with first-degree murder, sec. 940.01(1), Stats. 1979. At the instructions conference Allen requested that only first-degree murder be submitted to the jury.

The trial court then inquired:

> THE COURT: Well, I guess I would ask Mr. Allen at this point in time if he understands and agrees with his counsel, Mr. Schmaal, that only the verdict of guilty of first-degree murder and not guilty should be submitted.
> MR. ALLEN: Yes, sir.
> THE COURT: Do you understand, Mr. Allen, that that is a go-for-broke situation?
> MR. ALLEN: Yes, sir.

The court denied Allen's request. The court concluded that the evidence supported guilty verdicts not only as to

---

[2]Section 752.35, Stats., states:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

first-degree murder, sec. 940.01(1), but also the lesser offenses of second-degree murder, sec. 940.02(1), and manslaughter (imperfect self-defense), sec. 940.05(2). The court instructed the jury on all three offenses.

Allen did not object to the form of the instructions during the jury conference. He admits that he lost the right to appellate review of errors, if any, in those instructions, citing *State v. Schumacher*, 144 Wis. 2d 388, 409, 424 N.W.2d 672, 680 (1988).

However, citing *State v. Harp*, 150 Wis. 2d 861, 884–85, 443 N.W.2d 38, 47–48 (Ct. App. 1989), Allen argues that the instructions shifted the burden of proof on manslaughter (imperfect self-defense) from the state to him, that this violates Wisconsin law on the burden of proof, and that the state therefore denied him due process of law, contrary to the fourteenth amendment to the United States constitution. Because the instructional error was constitutional, he concludes it is subject to a motion for post-conviction relief under sec. 974.06, Stats.

■

We do not decide whether the instructional error occurred or, if it did, whether it was of constitutional dimension. Allen insisted on a "go-for-broke" strategy under which he would either be convicted of first-degree murder or acquitted, leaving no lesser-included offense alternative to the jury. The instructional error would have prejudiced Allen only if he had been convicted of a lesser-included offense or if it confused the jury as to first-degree murder or the self-defense privilege. The jury did not convict Allen of a lesser-included offense and he does not argue the instruction caused confusion regarding first-degree murder or the self-defense privilege. Consequently, the order denying his post-conviction motion must be affirmed.

■
Whether or not instructional error occurred, sec. 752.35, Stats., does not permit us to reverse a judgment of conviction in the interest of justice when the appeal before us is from an order denying a sec. 974.06, Stats., motion. Section 752.35 authorizes us to "reverse the order or judgment appealed from." The judgment of conviction is not appealed from when a defendant appeals from an order denying a sec. 974.06 motion.

Because Allen has not shown prejudice from any error he relies on, we affirm the order appealed from.

*By the Court.*—Order affirmed.