STATE of Wisconsin, Plaintiff-Respondent,

v.

Gilbert E. ALLEN, Defendant-Appellant.†

Court of Appeals

*No. 87-1901. Submitted on briefs October 9, 1990.—Decided November 1, 1990.*

(Also reported in 464 N.W.2d 426.)

For the defendant-appellant the cause was submitted on the briefs of *William E. Schmaal,* of Madison.

---

†Petition to review denied.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Daniel J. O'Brien,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.    The Wisconsin Supreme Court vacated our mandate in *State v. Allen,* 154 Wis. 2d 804, 454 N.W.2d 44 (Ct. App. 1990), and directed us to reconsider the matter in light of that court's decision in *Vollmer v. Luety,* 156 Wis. 2d 1, 456 N.W.2d 797 (1990). On reconsideration, we affirm our mandate.

The matter before us is Allen's appeal from an order denying him relief under sec. 974.06, Stats., from his judgment of conviction.[1] In his sec. 974.06 motion he claimed that the jury instructions improperly shifted the burden of proof from the state to him and that the state therefore denied him due process of law. Since he had not objected to the form of the instructions during the jury conference, he admitted that he had lost the right to appellate review of errors, if any, in those instructions. *State v. Schumacher,* 144 Wis. 2d 388, 409, 424 N.W.2d 672, 680 (1988). He asked us to exercise our power of discretionary reversal under sec. 752.35, Stats., and

---

[1]Section 974.06(1), Stats., provides in substance that after the time for appeal or postconviction remedy has expired, a prisoner may collaterally attack the judgment of conviction. Section 974.06(3)(d) provides in pertinent part:

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

reverse his judgment of conviction.[2] We declined to do so.

In *Vollmer,* the supreme court held that the court of appeals has discretionary authority under sec. 752.35, Stats., to reverse the judgment of a trial court when unobjected-to error in jury instructions results in either the real controversy not having been fully tried or justice having miscarried. 156 Wis. 2d at 17, 456 N.W.2d at 805. As the supreme court put it: "In a case where an instruction obfuscates the real issue or arguably caused the real issue not to be tried, reversal would be available in the discretion of the court of appeals under sec. 752.35." *Id.* 156 Wis. 2d at 22, 456 N.W.2d at 807.

Our power of discretionary reversal under sec. 752.35, Stats., may be exercised only in direct appeals from judgments or orders. This follows from the authorization in sec. 752.35 that we "may reverse the judgment or order appealed from, . . . and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial . . .." When an appeal is taken from an unsuccessful collateral attack under sec. 974.06, Stats., against a judgment or order, that judgment or order is not before us. All that is before us is an order which refuses to vacate and set the

---

[2]Section 752.35, Stats., provides:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, *the court may reverse the judgment or order appealed from,* regardless of whether the proper motion or objection appears in the record and *may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial,* and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice. (Emphasis added.)

judgment of conviction aside or to grant a new trial or to correct a sentence. Section 752.35 does not permit us to go behind a sec. 974.06 order to reach the judgment of conviction.

*By the Court.*—On reconsideration, order affirmed.