COURT OF APPEALS
DECISION
DATED AND FILED

November 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP2432**

**STATE OF WISCONSIN**

Cir. Ct. No. 2005CF210

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DARYISE L. EARL,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: EMILY S. MUELLER, Judge. *Affirmed*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Daryise L. Earl appeals pro se from the order denying his most recent WIS. STAT. § 974.06 (2017-18)[1] motion. He argues that a **Brady**[2] violation and newly discovered evidence entitle him to a new trial. Alternatively, he contends he should be granted a new trial in the interest of justice. We disagree and affirm the order.

¶2 Earl was convicted in February 2007 of party to the crime (PTAC) of first-degree intentional homicide and armed robbery in the August 2000 robbery and shooting death of Michael Bizzle. Earl claimed Michael Nesby was Bizzle's sole killer.

¶3 The testimony of numerous witnesses implicated Earl in Bizzle's robbery and murder. Bizzle's girlfriend, Shara Cannon, testified that Bizzle picked her up between midnight and 1:00 a.m. on August 2, 2000; that they got some food then parked behind his aunt's house for about two hours; and that Bizzle dropped her off at home sometime after 3:00 a.m. Police received a "shots-fired" call shortly after 5:00 a.m. and found Bizzle on the ground, a gunshot wound to the back of his head. Earl did not testify and the defense presented no other witnesses. The jury found him guilty of PTAC first-degree intentional homicide and armed robbery.

¶4 Earl appealed his conviction directly, alleging trial counsel was ineffective for failing to call certain witnesses and to object to certain testimony, such as Bizzle's brother identifying as Bizzle's, a watch found in Earl's possession. Earl also argued that due process entitled him to a new trial because the lead

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] *See* **Brady v. Maryland**, 373 U.S. 83 (1963).

detective's testimony about a witness's inconsistent statements was obtained via prosecutorial misconduct.

¶5     At an evidentiary hearing, Earl's trial counsel, Jeffrey Jensen, testified that, despite that Earl wanted to pursue a third-party-perpetrator defense, i.e., that Nesby alone committed the homicide, Jensen deliberately chose not to pursue it, reasoning that pursuing such a defense would have "shift[ed] the burden of proof to the defendant" and, as he did not believe the State could prove its case, he felt that the burden-of-proof attack was the best defense.  The circuit court denied Earl's postconviction motion and this court affirmed.

¶6     Then in 2012, Earl filed a postconviction motion under WIS. STAT. § 974.06.  He raised a number of issues, including that the State unreasonably delayed prosecuting him for the crime; that police obtained his fingerprints in violation of the Fourth Amendment; that the State impermissibly used hearsay evidence against him; that Bizzle's brother's testimony about the watch and a neighbor's testimony about witnessing an argument and hearing a gunshot were false; and that the circuit court failed to take his age, twenty-four, into account at sentencing.  After an evidentiary hearing, the circuit court denied the motion, and this court affirmed.

¶7     In 2018, Earl filed a second WIS. STAT. § 974.06 motion, which is the subject of this appeal.  Earl claimed that newly discovered evidence and an alleged *Brady* violation warranted a new trial.  He contended the State withheld police reports showing that Nesby orchestrated the September 2000 shooting death of Jahmal Furet, but that Nesby intended Cannon to be the target so as to prevent her from naming him in Bizzle's killing.

¶8 Earl attached to his motion a copy of a police report from the Furet homicide that he said he received in 2018 from a fellow inmate, Xavier Rockette, who had been convicted of Furet's killing. *See State v. Rockette*, 2006 WI App 103, ¶¶1, 4, 294 Wis. 2d 611, 718 N.W.2d 269. Rockette averred in a 2018 affidavit that the people who killed Furet really were trying to kill Cannon to silence her. Earl also attached police reports from his own case discussing Cannon and Nesby, as well as recently executed affidavits from himself and another prisoner relating to those police reports. Earl also requested a new trial in the interest of justice.

¶9 The court denied Earl's motion without a hearing. It held that the evidence upon which Earl based his *Brady* and newly discovered evidence claims was not material. The court also denied Earl's request for a new trial in the interest of justice, holding that Earl's arguments either previously were, or could have been, addressed on his initial appeal, and therefore were waived. Earl appeals.

*Earl's Claims Are Barred*

¶10 Under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994), and consistent with the circuit court's ruling, claims brought pursuant to WIS. STAT. § 974.06 that could have been addressed on a direct appeal are barred. This presents a question of law we review de novo. *State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶11 If a defendant's motion is not procedurally barred, we determine whether he or she is entitled to an evidentiary hearing, which requires determining first whether the defendant "alleged sufficient facts that, if true, would entitle him [or her] to relief." *State v. Romero-Georgana*, 2014 WI 83, ¶¶47, 54, 360 Wis. 2d 522, 849 N.W.2d 668. We also review this question de novo. *State v. John Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶12    If the motion fails to raise such facts or "presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," we review the circuit court's decision to grant or deny a hearing "under the deferential erroneous exercise of discretion standard." *Id.* We also review for an erroneous exercise of discretion the circuit court's decision to grant or deny a new trial based on newly discovered evidence. *State v. Plude*, 2008 WI 58, ¶31, 310 Wis. 2d 28, 750 N.W.2d 42.

¶13    A defendant seeking postconviction relief under WIS. STAT. § 974.06 may not raise any ground for relief that could have been previously raised without providing a "sufficient reason" for the failure. *Id.*; *Escalona-Naranjo*, 185 Wis. 2d at 181-82. "Any ground … not so raised ... may not be the basis for a subsequent motion." Sec. 974.06(4). This procedural bar applies "unless the court finds … sufficient reason" for the defendant's failure to raise the claim earlier. *Id.*

### A.  Alleged *Brady* Violation

¶14    Earl asserts that he only recently discovered evidence relevant to his claim of innocence, such as police reports from Rockette in 2018. In his own WIS. STAT. § 974.06 motion underlying this appeal, however, Earl put forth that a private investigator alerted Jensen in January 2006—a full year before trial—of the State's failure to fully disclose all of the police investigative reports related to the Bizzle homicide, that Earl himself gave the private investigator the copies of the reports, and that Earl told her he got the copies of the reports from Rockette.[3] Earl thus could have obtained an affidavit from Rockette at that time.

---

[3] Earl provided a copy of the letter to Jensen from the public investigator.

¶15     As Earl could have raised claims based on this evidence at trial, postconviction, on direct appeal, and in his earlier § 974.06 motion yet failed to do so, he is barred from litigating his claim now.

¶16     Even if he had a sufficient reason not to raise these issues earlier, Earl's *Brady* claim would have failed.  A *Brady* violation occurs when the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; the State either willfully or inadvertently suppressed the evidence; and prejudice ensued.  *State v. Harris*, 2004 WI 64, ¶15, 272 Wis. 2d 80, 680 N.W.2d 737.

¶17     Evidence is favorable when the evidence "if disclosed and used effectively, it may make the difference between conviction and acquittal."  *Id.*, ¶12 (citation omitted).  Evidence is exculpatory if it "tend[s] to establish a criminal defendant's innocence," and is impeaching if it undermines a witness's credibility.  *Id.*, ¶12 nn.9 & 10 (citation omitted).  Evidence of impeachment is material if the witness whose testimony is attacked "supplied the only evidence linking the defendant(s) to the crime," or "where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case."  *Rockette*, 294 Wis. 2d 611, ¶41 (citations omitted).  "[A] new trial is required if there exists a reasonable likelihood that the false testimony of a witness affected the judgment of the jury."  *Plude*, 310 Wis. 2d 28, ¶40.  A new trial is not required "when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable."  *Rockette*, 294 Wis. 2d 611, ¶41.

¶18     Earl made no showing that the alleged *Brady* evidence was favorable, exculpatory, impeaching, material, or prejudicial.  Cannon testified that she was with Bizzle for a few hours after midnight but that he dropped her off at home

around 3:00 a.m. Police received the shots-fired call after 5:00 a.m. There is no evidence that Cannon witnessed Bizzle's murder so as to exculpate Earl. Even if information from or regarding Cannon implicated Nesby, Earl was convicted of PTAC homicide. Cannon's reliability could not have been determinative of Earl's guilt or innocence. Further, Jensen knew about the police report and cross-examined Cannon on it. If Jensen did advise Earl not to testify, it was a strategic call that did not point to his guilt or innocence.

### B. Newly Discovered Evidence

¶19 Earl argued in his postconviction motion that police reports from his own case, recently executed affidavits relating to those reports, the 2002 criminal complaint from the Furet homicide, and his own prior knowledge of Nesby's gang affiliation were newly discovered evidence that warranted a new trial. Earl did not brief or argue this issue on appeal, however. We therefore deem it abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).

¶20 To the extent Earl attempts to present for the first time other allegedly newly discovered evidence, we decline to address it. When assessing a convicted defendant's collateral postconviction motion brought under WIS. STAT. § 974.06, we look only to the four corners of the motion. *John Allen*, 274 Wis. 2d 568, ¶27. Arguments and allegations made for the first time on appeal are forfeited. *See State v. Crute*, 2015 WI App 15, ¶19, 360 Wis. 2d 429, 860 N.W.2d 284. And as Earl has not provided a sufficient reason for failing to bring this newly discovered evidence claim earlier, like his *Brady* claim, it too is procedurally barred.

7

¶21 The circuit court's decision to deny without a hearing Earl's motion based on either a ***Brady*** violation or newly discovered evidence does not evince an erroneous exercise of discretion. Our de novo review does not disturb these rulings.

## C. New Trial in the Interest of Justice

¶22 Earl contends that a review of all of the evidence will show that the real controversy was not fully tried and seeks a new trial in the interest of justice under WIS. STAT. § 752.35 ("[I]f it appears from the record that the real controversy has not been fully tried … the court [of appeals] may reverse the judgment or order appealed from.").

¶23 We may grant a new trial in the interest of justice if our independent review of the record reveals that the real controversy was not fully tried. WIS. STAT. § 752.35; ***State v. Williams***, 2006 WI App 212, ¶12, 296 Wis. 2d 834, 723 N.W.2d 719. But our power of discretionary reversal under § 752.35 "may be exercised only in direct appeals from judgments or orders…. When an appeal is taken from an unsuccessful collateral attack under [WIS. STAT. §] 974.06 … against a judgment or order, that judgment or order is not before us." ***State v. Gilbert Allen***, 159 Wis. 2d 53, 55-56, 464 N.W.2d 426, 427 (Ct. App. 1990). Section 752.35 does not permit us to go behind an order denying a § 974.06 postconviction motion to reach the judgment of conviction. ***Gilbert Allen***, 159 Wis. 2d at 56. We decline to award Earl a new trial.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.