COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2023AP1926**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF3247

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CURTIS VON BROWN,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before White, C.J., Colón, P.J., and Geenen, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Curtis Von Brown, pro se, appeals from an order of the circuit court that denied his WIS. STAT. § 974.06 (2023-24)[1] motion. Brown contends that he received ineffective assistance from trial and postconviction counsel and that he is entitled to a new trial in the interests of justice. We reject Brown's arguments and affirm.

## BACKGROUND

¶2 In September 2017, a jury convicted Brown of first-degree reckless homicide with a dangerous weapon as a party to a crime and possession of a firearm by a felon.[2] The circuit court imposed consecutive sentences totaling 48 years' imprisonment. Brown filed a postconviction motion in which he alleged ineffective assistance of trial counsel. As relevant to this appeal, he alleged that trial counsel was ineffective (1) when he failed to call Robert Farrow, who was present at the homicide scene, as a witness at trial and (2) when he failed to object to the presentation of certain video evidence in split-screen format. The circuit court denied the motion after an evidentiary hearing. Brown appealed, and we affirmed. *See* *State v. Brown*, No. 2019AP1077-CR, unpublished slip op. (WI App June 22, 2021).

¶3 Brown then filed the pro se WIS. STAT. § 974.06 motion that underlies this appeal, seeking a new trial. He alleged that trial counsel had been ineffective by: (1) failing to call Farrow to testify; (2) failing to object to the use of the split-screen video; (3) impeaching favorable witnesses; (4) failing to object to

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] This was Brown's second trial; the first jury could not reach a unanimous verdict, resulting in a mistrial.

hearsay; (5) highlighting a theory giving Brown motive; and (6) generally employing a strategy that was "hostile" to Brown's defense. Brown also alleged that postconviction counsel was ineffective for failing to either raise or to better argue those claims against trial counsel.

¶4    The circuit court denied the motion without a hearing. It explained that any ineffective assistance claims against trial counsel that were a "rehash of the claims that postconviction counsel actually raised" were barred from relitigation and the remaining "scattershot, undeveloped, and conclusory" allegations against postconviction counsel were insufficient to satisfy the "sufficient reason" and "clearly stronger" pleading standards applicable to WIS. STAT. § 974.06 motions. Brown appeals.

## DISCUSSION

¶5    "A matter once litigated may not be relitigated in a subsequent postconviction proceeding[.]" *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). In addition, any issue that could have been raised on direct appeal or in a previous motion is barred absent a sufficient reason for not raising the issue in the earlier proceedings. WIS. STAT. § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994). Whether a procedural bar applies is a question of law that we independently review. *State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶6    The circuit court correctly noted that two of Brown's ineffective-assistance claims against trial counsel—those involving witness Farrow and the split-screen video—are procedurally barred because both were raised in Brown's original postconviction motion. Although he has now attempted to present those claims in the guise of ineffective assistance of postconviction counsel, the

3

*Witkowski* bar applies "no matter how artfully the defendant may rephrase the issue." *See id.*, 163 Wis. 2d at 990.

¶7     That leaves four claims of ineffective assistance of trial counsel that are barred unless there is a sufficient reason for not raising them earlier. "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668. However, the defendant must do more than just assert that the attorney was ineffective for failing to raise certain issues. *State v. Balliette*, 2011 WI 79, ¶63, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant who alleges that postconviction counsel was ineffective for failing to raise certain viable claims must demonstrate that the claims the defendant thinks should have been brought are clearly stronger than the claims counsel actually raised. *Romero-Georgana*, 360 Wis. 2d 522, ¶73. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

¶8     We agree with the circuit court that Brown has failed to show that any new claims of ineffective assistance of trial counsel are clearly stronger than any of the issues raised by postconviction counsel. Indeed, Brown failed to engage in any meaningful comparative analysis of his current claims relative to the claims postconviction counsel actually raised; conclusory assertions, such as those describing an issue as "plainly stronger," do not demonstrate the strength of the claim. Accordingly, the remaining ineffective assistance claims are procedurally barred under *Escalona*.

¶9      Brown also contends we should use our "inherent authority" to grant a new trial in the interests of justice. "[I]f it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from" and order a new trial or other remedy. WIS. STAT. § 752.35. However, that statute "does not permit us to go behind a [WIS. STAT. §] 974.06 order to reach the judgment of conviction." *State v. Allen*, 159 Wis. 2d 53, 56, 464 N.W.2d 426 (Ct. App. 1990). Moreover, "[w]e exercise our authority to reverse in the interest of justice … sparingly and only in the most exceptional cases." *State v. Schutte*, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469. We are not persuaded that this is such a case.

        *By the Court.*—Order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.