STATE of Wisconsin, Plaintiff-Respondent,

v.

Dexter TOLEFREE, Defendant-Appellant.†

Court of Appeals

*No. 96–0786–CR. Submitted on briefs February 6, 1997.—Decided March 12, 1997.*

(Also reported in 563 N.W.2d 175.)

†Petition to review denied.

On behalf of the defendant appellant, the cause was submitted on the brief of Dexter Tolefree, *pro se*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary V. Bowman*, assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J.  Dexter Tolefree appeals pro se from judgments of conviction finding him guilty of delivery of cocaine, and obstructing an officer, both as a repeater. With the assistance of counsel, Tolefree filed a timely motion for postconviction relief. *See* § 974.02, STATS.; *see also* § 809.30, STATS., 1993-94. Now, acting pro se, he seeks review of the following claims: that the penalty enhancement was illegal because § 973.12(1), STATS., was not followed; that his arraignment was improper because he was not personally handed a copy of the information, which he claims resulted in a loss of subject matter jurisdiction; and that his trial counsel was ineffective. He submits that the above denied him his "fundamental right to '**Procedural Due Process**.' " We are unpersuaded by Tolefree's arguments and conclude that because he did not raise these issues

in his earlier postconviction motion, they are now barred by *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994).

According to the criminal complaint, Tolefree sold three "rocks" of cocaine to an undercover officer, and then ran away from and resisted arrest by the surveillance team the officer called in.[1] A plea agreement was reached and Tolefree pled guilty to counts one and three: delivery of cocaine (a felony) and obstructing an officer (a misdemeanor). A repeater enhancement was included on both counts.[2] Following sentencing, and with the assistance of counsel, Tolefree filed a postconviction motion challenging a portion of the judgment which required him to pay drug analysis costs as "restitution." The trial court vacated this requirement, removing all references to drug analysis costs as restitution. No other issues were raised in that motion.

Approximately six months after the trial court's consideration of his motion for postconviction relief, Tolefree filed a pro se document with the trial court entitled "BRIEF IN SUPPORT OF MOTION TO CORRECT SENTENCE AND TO VACATE REPEATER ENHANCEMENT." The same day, Tolefree filed a "MOTION FOR ASSIGNMENT OF A JAIL-HOUSE LAWYER." The trial court determined that these

---

[1] The initial complaint charged Tolefree with delivery of a controlled substance (cocaine), possession of cocaine, obstructing an officer and escape.

[2] Although Tolefree was charged as a repeater on both counts, sentencing on the felony count (delivery of cocaine) was within the statutory maximum without the enhancement. *See* § 161.41(1)(cm)1, STATS., 1993-94. A sentence is not considered enhanced until the court has imposed the maximum possible sentence for the underlying offense. *See* § 939.62(1), STATS.

motions were "patently meritless and unworthy of a hearing" and denied them. Tolefree now appeals.

■

We conclude that the dispositive issue is whether Tolefree's claims, which are brought pursuant to § 974.06, STATS., are barred by the application of *Escalona-Naranjo*.[3] This presents a question of law which we review de novo. *See Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989) (the application of a statute to a particular set of facts is a question of law which is decided without deference to the trial court). We begin with the procedural history of the case, which is undisputed. We will direct our attention to Tolefree's initial claim that the repeater enhancement was not validly proved.

With the aid of an attorney, Tolefree has already litigated a motion for postconviction relief under § 809.30, STATS., 1993-94. Therefore, the only means open to him to pursue relief is through § 974.06, STATS. This section delineates a postconviction procedure which may be initiated after the time for appeal or postconviction remedy has expired. *See* § 974.06(1). However, the issues which may be raised in a § 974.06 motion are circumscribed and clearly defined. Section 974.06(4) provides:

---

[3] We recognize that the issue of whether Tolefree's motion should be denied based on *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and § 974.06(4), STATS., was not relied on by the trial court in denying the motion. However, it is well established that this court may sustain a trial court's ruling on grounds which were not presented to the trial court. *See State v. Holt,* 128 Wis. 2d 110, 125, 382 N.W.2d 679, 687 (Ct. App. 1985).

*All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion.* Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion. [Emphasis added.]

Applying the requirements of this subsection to the instant case, it is apparent that Tolefree has already pursued one postconviction proceeding to secure relief, i.e., the § 974.02, STATS., appeal. At that time he did not raise the claim that the repeater enhancement was invalid, nor did he raise any of the other claims he now alleges.

In *Escalona-Naranjo*, the supreme court considered whether a defendant was prohibited from raising an ineffective assistance of counsel claim in a postconviction motion under § 974.06, STATS., when the claim could have been raised in a § 974.02, STATS., motion or on direct appeal. The court there concluded:

We need finality in our litigation. Section 974.06(4) compels a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion. Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation.

*Escalona-Naranjo,* 185 Wis. 2d at 185, 517 N.W.2d at 163-64. The court also concluded that a defendant

"should raise the constitutional issues of which he or she is aware as part of the original postconviction proceedings. At that point . . . any remedy the defendant is entitled to can be expeditiously awarded." *Id.* at 185-86, 517 N.W.2d at 164.

■

The *Escalona-Naranjo* court recognized that § 974.06(4), STATS., allows a defendant to raise a constitutional issue if the defendant can show a sufficient reason why it was not raised on direct appeal or in a § 974.02, STATS., motion. *See Escalona-Naranjo,* 185 Wis. 2d at 184, 517 N.W.2d at 163. In the instant case, Tolefree has offered no reason for his failure to bring these alleged errors to the trial court's attention at the time of the original postconviction motion. Therefore, we apply the reasoning of *Escalona-Naranjo* in holding that Tolefree's claim of error with regard to the repeater enhancement is barred. *See id.* at 185, 517 N.W.2d at 163.

The application of the *Escalona-Naranjo* bar in this case is further supported by the fact that a defendant and defense counsel should have all of the necessary facts to challenge the use of earlier convictions as penalty enhancers at the time of the original motion for postconviction relief. As noted in *Escalona-Naranjo,* this is preferred because at that time memories are fresh, witnesses and records are still available, and any remedy the defendant is entitled to can be expeditiously awarded. *See id.* at 186, 517 N.W.2d at 164.

Based on the above conclusion, we do not reach the merits of Tolefree's other challenges to his conviction and sentence. Section 974.06(4), STATS., as construed in *Escalona-Naranjo* precludes Tolefree from pursuing these issues without first offering a sufficient reason

for not raising them in the earlier motion. *See Escalona-Naranjo,* 185 Wis. 2d at 184, 517 N.W.2d at 163. Tolefree has offered no reason for this failure.

*By the Court.*—Judgments and order affirmed.