State of Wisconsin, Plaintiff-Respondent,
v.
William Ray Toles, Defendant-Appellant.
No. 03-2370.
Court of Appeals of Wisconsin.
Opinion Filed: September 23, 2004.
Before Deininger, P.J., Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Williams Toles appeals an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (2001-02).[1] He claims that he received ineffective assistance of trial counsel, and that his failure to raise that issue on his prior appeal was attributable to ineffective assistance of appellate counsel.[2] We do not agree that appellate counsel performed ineffectively, and therefore conclude that Toles is procedurally barred from challenging trial counsel's performance at this stage.

BACKGROUND
¶2 Toles was charged with armed robbery while concealing identity. He moved to suppress a statement he had given to police on several grounds, including an alleged violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). An affidavit and brief filed in support of the suppression motion asserted that, although Toles had signed a form waiving his Miranda rights, when Toles asked when a public defender would be coming to see him, one of the detectives advised him that he did not believe any attorney was coming because Toles had not yet been charged. The trial court concluded that the totality of the information provided by the police adequately informed Toles of his Miranda rights and denied the suppression motion. Toles subsequently entered a plea, subject to his right to appeal the suppression ruling under WIS. STAT. § 971.31(10).
¶3 On appeal, Toles argued not only that the detective had given him erroneous information regarding whether he could be provided an attorney before he was charged, but also that the Miranda warnings given immediately before the interrogation at issue had failed to mention that, if Toles could not afford an attorney, one would be provided for him. The State claimed that Toles had waived any objection to the sufficiency of the Miranda warnings given. Toles responded that his argument on appeal was merely an expansion of the argument he had made below. In the alternative, Toles asked this court to review the issue in the interest of justice. We deemed the issue waived and declined to exercise our discretionary reversal power.
¶4 Toles then filed a postconviction motion under WIS. STAT. § 974.06, renewing his arguments that he was given both inaccurate and incomplete information about his right to an attorney, and claiming that appellate counsel should have raised the issue of ineffective assistance of trial counsel based on trial counsel's failure to bring the omission in the Miranda warnings to the trial court's attention. The trial court denied the motion without a hearing, and Toles appeals.

DISCUSSION
¶5 Constitutional claims that could have been raised in a direct appeal or in a postconviction motion under WIS. STAT. § 974.02 cannot form the basis for a motion under WIS. STAT. § 974.06 unless the court finds there was a sufficient reason for failing to raise the claim earlier. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). We will independently review whether claims are procedurally barred. See State v. Tolefree, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).
¶6 Here, in order to avoid the procedural bar of WIS. STAT. § 974.06, Toles claimed that he was provided ineffective assistance of appellate counsel. We are not persuaded that his allegations, even if true, would establish such a claim, however. See State v. Allen, 2004 WI 106, ¶36, ___ Wis. 2d ___, 682 N.W.2d 433 (discussing standard for sufficiency of allegations to warrant a postconviction hearing).
The test for ineffective assistance of counsel has two prongs: (1) a demonstration that counsel's performance was deficient, and (2) a demonstration that the deficient performance prejudiced the defendant. To prove deficient performance, a defendant must establish that his or her counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." The defendant must overcome a strong presumption that his or her counsel acted reasonably within professional norms. To satisfy the prejudice prong, the defendant must show that counsel's errors were serious enough to render the resulting conviction unreliable. We need not address both components of the test if the defendant fails to make a sufficient showing on one of them.
State v. Swinson, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12 (citations omitted).
¶7 Toles' allegation of deficient performance is that appellate counsel should have raised the issue of defective Miranda warnings in the context of ineffective assistance of trial counsel, rather than attempting to raise the issue directly, or through a request for discretionary reversal. Appellate counsel is not obligated to raise all arguably meritorious issues on appeal, however. See Jones v. Barnes, 463 U.S. 745, 749-51 (1983) (discussing why counsel is in the best position to determine which issues to raise on appeal). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citation omitted).
¶8 Here, appellate counsel did not ignore the Miranda issue, but rather made a judgment as to the best manner in which to raise it. We cannot say counsel's approach was unreasonable or outside the wide range of professional norms, or that a claim of ineffective assistance of trial counsel would have been clearly stronger than a direct attack. For one thing, if we had agreed to review the issue directly or under our discretionary reversal authority, Toles would have benefited from a more favorable standard of review. See, e.g., State v. Ellenbecker, 159 Wis. 2d 91, 94, 464 N.W.2d 427 (Ct. App. 1990) (noting we will independently determine whether the facts found by the circuit court satisfy applicable constitutional provisions); State v. Hicks, 202 Wis. 2d 150, 549 N.W.2d 435 (1996) (granting a new trial in the interest of justice despite finding that trial counsel had not performed ineffectively).
¶9 Moreover, attempting to raise the issue directly avoided the necessity of demonstrating that two trial attorneys had each performed deficiently by failing to raise an issue that would have required distinguishing several adverse cases with similar facts. See Duckworth v. Eagan, 492 U.S. 195, 197 (1989) (statement that lawyer would be appointed "if and when you go to court" was not a Miranda violation because it was true under Indiana law and other proper warnings were given); State v. Lindh, 156 Wis. 2d 768, 457 N.W.2d 564 (Ct. App. 1990), rev'd on other grounds, 161 Wis. 2d 324, 468 N.W.2d 168 (1991) (defective warnings given an hour after proper warnings were given was not a Miranda violation); and State v. Jackson, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999) (statement that lawyer would be appointed "once charges were established" was not a Miranda violation).
¶10 Finally, a review of the appellate brief filed by counsel reveals several other issues which were zealously presented, and which were at least as strong as the issue Toles now claims counsel should have raised. In sum, we are satisfied that Toles allegations fail to show that appellate counsel's performance was deficient. We therefore conclude that the trial court properly denied Toles' WIS. STAT. § 974.06 motion without a hearing.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Neither party addresses whether a claim for ineffective assistance of appellate counsel such as that presented here can properly be raised in WIS. STAT. § 974.06 motion. We will therefore presume, without deciding, that it can. Cf. State v. Evans, 2004 WI 84, ¶4, ___ Wis. 2d ___, 682 N.W.2d 784 (holding that extension of time to file direct appeal based upon alleged ineffective assistance of postconviction counsel can only be raised by a petition for habeas corpus).