COURT OF APPEALS
DECISION
DATED AND FILED

January 30, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP731**

Cir. Ct. No. 1999CF1807

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CLARENCE A. THOMAS,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before White, C.J., Graham, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Clarence A. Thomas appeals a circuit court order denying his WIS. STAT. § 974.06 (2021-22) postconviction motion.[1]  In his motion, Thomas asked the court to vacate a judgment of conviction from 1999 and allow him to withdraw his guilty pleas based on his postconviction counsel's alleged ineffectiveness.  We conclude that the court did not err in denying Thomas's postconviction motion because it is procedurally barred under § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994).  Therefore, we affirm.

## BACKGROUND

¶2    This appeal arises out of a triple homicide that took place in 1999.  Thomas was identified as the shooter, and he gave a detailed confession—albeit one that minimized his culpability and suggested that the victims were the aggressors—to the police.

¶3    The State charged Thomas with three counts of first-degree intentional homicide.  Pursuant to a plea agreement, Thomas pled guilty to one count of first-degree reckless homicide and two counts of first-degree intentional homicide.  In exchange, the State recommended a 40-year sentence on the reckless homicide count, and concurrent life sentences with parole eligibility on January 1, 2054, on the intentional homicide counts.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4      The Milwaukee County Circuit Court, the Honorable Dennis P. Moroney presiding (hereinafter, the "trial court"),[2] accepted Thomas's guilty pleas and proceeded to sentencing.  On the reckless homicide count, the trial court imposed a sentence that was consistent with the State's recommendation.  However, on the two counts of intentional homicide, the trial court imposed sentences that deviated in one respect from the State's recommendation—the court imposed concurrent life sentences, but with parole eligibility dates of October 28, 2054, on one count and October 28, 2059, on the second.

¶5      Attorney Donna Hintze was appointed to represent Thomas for purposes of any WIS. STAT. § 974.02 postconviction motion and direct appeal.  In 2000, through Attorney Hintze, Thomas filed a postconviction motion pursuant to § 974.02 and WIS. STAT. RULE 809.30 that sought to withdraw his guilty pleas.  We refer to this motion as the "2000 postconviction motion" throughout this opinion.

¶6      The argument that Thomas made in his 2000 postconviction motion was similar to an argument that was being advanced in another case that was, at that time, pending before our supreme court.  *See State v. Williams*, 2000 WI 78, 236 Wis. 2d 293, 613 N.W.2d 132.  In *Williams*, as in Thomas's case, the State agreed to recommend a specific sentence as a part of a negotiated plea agreement, yet at sentencing, the court ultimately imposed a sentence that exceeded the State's recommendation.  *Id.*, ¶¶8-9.  In *Williams*, the defendant argued that,

_____

[2] We refer to the court that presided over the plea hearing, imposed sentence, and then presided over Thomas's 2000 postconviction motion as the "trial court" in order to distinguish it from the branch of the Milwaukee County Circuit Court that decided the current postconviction motion, which is the subject of Thomas's current appeal.

under the circumstances, he should be allowed to withdraw his plea based on a manifest injustice. *Id.*, ¶15. Likewise, Thomas's 2000 postconviction motion argued that the "imposition of [parole eligibility dates] in excess of that bargained for in the plea agreement, without advising [Thomas that] the court would not follow the recommendation and giving him an opportunity to withdraw his pleas prior to sentencing," was "fundamentally unfair and creates a manifest injustice entitling [Thomas] to withdraw his pleas."

¶7    In the alternative, Thomas's 2000 postconviction motion asked the trial court to correct errors in the judgment of conviction regarding his parole eligibility dates.

¶8    The trial court granted the 2000 postconviction motion in part to correct the errors in the judgment of conviction regarding the parole eligibility dates. However, the court denied the request for plea withdrawal.

¶9    Thomas appealed the judgment of conviction and the order denying his 2000 postconviction motion for plea withdrawal. On appeal, he advanced the same argument that he had advanced in the trial court—that he was entitled to withdraw his pleas based on a manifest injustice.

¶10    Then, while Thomas's direct appeal was pending in this court, our supreme court issued its decision in *Williams*, and the effect of that decision was to eliminate the sole issue that Thomas had raised in his appeal. *See Williams*,

236 Wis. 2d 293, ¶¶2-3. Accordingly, after consulting with Attorney Hintze about his options, Thomas voluntarily dismissed his appeal.[3]

¶11 More than ten years later in June 2011, Thomas filed a pro se habeas petition, in which he asked us to reinstate his appeal rights. *See State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992) (identifying a habeas petition as the appropriate vehicle for challenging appellate counsel's effectiveness). In his habeas petition, which we refer to as the "*Knight* petition," Thomas argued that Attorney Hintze rendered ineffective assistance by voluntarily dismissing his appeal without properly advising Thomas about his appeal options, effectively denying Thomas his right to counsel and a direct appeal.

¶12 We denied Thomas's *Knight* petition. *State ex rel. Thomas v. Pollard*, No. 2011AP1433-W, unpublished op. and order (WI App Jan. 18, 2012). In so doing, we determined that Thomas did not prove that Attorney Hintze had performed deficiently with regard to the dismissal of Thomas's appeal, and further, that Thomas made an informed decision to dismiss the appeal. *Id.* at 11.

¶13 Then, in February 2021, Thomas filed the WIS. STAT. § 974.06 postconviction motion that is the subject of this appeal. In his motion, which we refer to as his "current postconviction motion," Thomas asked the circuit court to

---

[3] We take note of the following facts about Thomas's decision to voluntarily dismiss his appeal, which are found in a 2012 decision by this court. After the *Williams* decision was issued, Attorney Hintze advised Thomas of his options—Thomas could voluntarily dismiss the appeal, or Attorney Hintze could convert it to a no-merit appeal pursuant to WIS. STAT. RULE 809.32 and *Anders v. California*, 386 U.S. 738 (1967). *State ex rel. Thomas v. Pollard*, No. 2011AP1433-W, unpublished op. and order at 3-6 (WI App Jan. 18, 2012). Thomas ultimately decided he did not want Attorney Hintze to file a no-merit appeal, and we dismissed his appeal pursuant to his notice of voluntary dismissal. *Id.* at 5-6 (referring to the dismissal order in *State v. Thomas*, No. 2000AP1358, unpublished order (WI App July 31, 2000)).

vacate his judgment of conviction and allow him to withdraw his guilty pleas based on Attorney Hintze's ineffectiveness.

¶14 As grounds, Thomas's current postconviction motion alleged that Attorney Hintze should have, but failed to, raise three related arguments in his 2000 postconviction motion. At bottom, all three arguments would have attacked the validity of Thomas's pleas on the ground that, at the time Thomas entered them, he was allegedly unaware that he might be able to claim perfect or imperfect self-defense with regard to some or all of the homicide charges. Thomas alleged that the trial court failed to ascertain whether there was a factual basis for the intentional homicide charges. He further alleged that his trial counsel failed to advise him that he might be able to raise self-defense as a defense to some or all of the charges. Finally, he alleged that neither the trial court nor his trial counsel explained the elements of the crimes to him before he entered his guilty pleas. Under the circumstances, Thomas argued, his trial counsel and the trial court were both at fault for "allowing Thomas to plead guilty" when the facts suggested that Thomas committed some or all of the homicides in self-defense, which would have meant that, at most, he was guilty of lesser homicide charges.

¶15 The Milwaukee County Circuit Court, the Honorable Stephanie Rothstein presiding, scheduled and commenced a *Machner* hearing[4] on Thomas's current postconviction motion. Thomas's trial counsel and Thomas both testified

---

[4] *See* ***State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). A *Machner* hearing is "[t]he evidentiary hearing to evaluate counsel's effectiveness, which includes counsel's testimony to explain his or her handling of the case[.]" ***State v. Balliette***, 2011 WI 79, ¶31, 336 Wis. 2d 358, 805 N.W.2d 334.

6

at the hearing. Then, at the conclusion of Thomas's testimony, Thomas asked for an adjournment to procure Attorney Hintze's testimony.

¶16 The circuit court denied the request for an adjournment. It instead opted to halt any further testimony based on its conclusion that, with or without Attorney Hintze's testimony, Thomas was not entitled to relief. The specific grounds given by the circuit court related to this court's 2012 decision on the **Knight** petition, which the court viewed as "law of the case" on the question of Hintze's effectiveness.[5]

¶17 The circuit court therefore entered an order denying Thomas's current postconviction motion. Thomas appeals.

---

[5] The following is a summary of the evidence that was presented prior to the circuit court's decision to halt the presentation of evidence and deny the motion. The circuit court did not make any factual findings or credibility determinations regarding this testimony, and, apart from recounting it here for the sake of completeness, we discuss it no further.

Thomas testified that, before he decided to accept the plea deal offered by the State, trial counsel advised him that he "had no defenses," that counsel "didn't see a way … to win," and that "the best thing was to take the guilty plea." Among other things, Thomas testified that trial counsel never explained how the facts of his case related to the elements of the charged crimes or whether Thomas might have been able to raise self-defense with regard to any of the victims. Thomas further testified that, had trial counsel explained the elements and what the State would have to prove for the jury to find Thomas guilty, he would not have pled guilty.

For his part, trial counsel testified that he believed the facts presented in the complaint provided a factual basis for Thomas's guilty pleas. He further testified that he never "tell[s] clients to plead guilty to anything," and he "didn't tell [Thomas that] he had no defenses." However, based on the physical evidence at the scene and other witness testimony, counsel was skeptical about whether the evidence would support Thomas's version of events, in which the victims were the aggressors. Trial counsel testified that he would have advised Thomas about his "perception of the facts as they related to the law and what would likely happen" at trial, and "would have expressed an opinion based upon all of the facts known to [him]."

**DISCUSSION**

¶18    The question in this appeal is whether the circuit court properly denied Thomas's current postconviction motion without allowing Thomas to finish presenting evidence at the *Machner* hearing.  Under the circumstances, we agree with the parties that, effectively, the court's decision to halt testimony is the same as if the court issued the decision without hearing any testimony at all.

¶19    A circuit court may deny a postconviction motion without a hearing "if the motion does not raise facts sufficient to entitle the movant to relief, or [if the motion] presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief[.]"  ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.  On appeal, we independently review whether the circuit court properly denied the postconviction motion without a hearing.  ***State v. Balliette***, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334.

¶20    Here, as we now explain, the record conclusively establishes that Thomas's current postconviction motion is procedurally barred by WIS. STAT. § 974.06(4) and ***Escalona-Naranjo***, 185 Wis. 2d at 184-85.  Therefore, although our reasoning differs somewhat from the reasoning provided by the circuit court,[6]

---

[6] As the State explains in its respondent's brief, our decision on Thomas's ***Knight*** petition does not foreclose his current postconviction motion, which argues that Attorney Hintze was ineffective with respect to the issues she selected to present in Thomas's postconviction motion and direct appeal.  To be sure, in deciding the ***Knight*** petition, we weighed in on one aspect of Hintze's representation of Thomas—we concluded that she was not ineffective when she advised Thomas of his options on direct appeal after our supreme court decided the ***Williams*** case.  However, the ***Knight*** petition did not present an opportunity to weigh in on whether Hintze was ineffective with regard to choosing the issues that should be included in Thomas's 2000 postconviction motion in the first instance.  ***State ex rel. Rothering v. McCaughtry***, 205 Wis. 2d 675, 679, 556 N.W.2d 136 (Ct. App. 1996) (explaining that a defendant may not use a ***Knight*** petition to raise claims that appellate counsel rendered ineffective assistance in postconviction proceedings before the circuit court).

we conclude that the court did not err when it denied the motion after halting the presentation of testimony at the *Machner* hearing. *See State v. King*, 120 Wis. 2d 285, 292, 354 N.W.2d 742 (Ct. App. 1984) (holding that an appellate court may affirm a circuit court decision if the court reached the right result for the wrong reason).

¶21 WISCONSIN STAT. § 974.06(4) provides: "All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion[,]" and "[a]ny ground … not so raised … may not be the basis for a subsequent motion, unless the court finds" that the defendant had a "sufficient reason" as to why the ground "was not asserted or was inadequately raised in the original, supplemental or amended motion."

¶22 *Escalona-Naranjo* and subsequent cases have interpreted WIS. STAT. § 974.06(4) to mean that, generally speaking, a defendant cannot use a § 974.06 postconviction motion to raise an issue that the defendant could have but did not raise in the defendant's original WIS. STAT. § 974.02 postconviction motion unless there is a sufficient reason for the defendant's failure to raise the issue in the original motion. *Escalona-Naranjo*, 185 Wis. 2d at 181-82; *see also State v. Romero-Georgana*, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668. Whether a claim is procedurally barred is a question of law for our independent review. *State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶23 On appeal, the State argues that Thomas's current claims are procedurally barred. Thomas does not meaningfully contest that he could have included his current claims in his 2000 postconviction motion, but that he did not do so.

¶24    Thomas instead argues that we should not decide his appeal based on *Escalona-Naranjo*'s procedural bar because the State did not raise that argument in the circuit court. Therefore, Thomas suggests, the State has forfeited any reliance on the procedural bar on appeal.

¶25    Forfeiture is a rule of judicial administration that is meant to promote judicial economy, and we have discretion to overlook a party's forfeiture of an argument in the appropriate case. *See State v. Atwater*, 2021 WI App 16, ¶24, 396 Wis. 2d 535, 958 N.W.2d 533 (citing *State v. Kaczmarski*, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702). Here, the policy reasons underlying the forfeiture rule do not support its application for at least two related reasons. First, one reason that we may decline to consider an issue that is raised for the first time on appeal is so that we do not "blindside [circuit] courts with reversals based on theories which did not originate in their forum." *Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶¶10-11, 261 Wis. 2d 769, 661 N.W.2d 476 (citation omitted). Here, however, *Escalona-Naranjo*'s procedural bar is a reason to affirm the circuit court, and therefore a determination based on *Escalona-Naranjo* would not blindside the court with an unforeseen reversal. Second, another general rule is that respondents may advance arguments that would sustain the circuit court's ruling, even if those arguments were not made in the circuit court proceedings. *State v. Holt*, 128 Wis. 2d 110, 124-25, 382 N.W.2d 679 (Ct. App. 1985), *superseded by statute on other grounds*, WIS. STAT. § 940.225(7). Taking both points into account, we decline to apply forfeiture to the State's arguments about *Escalona-Naranjo*'s procedural bar.

¶26    In the alternative, Thomas argues that the procedural bar does not apply because he had a sufficient reason for not raising the issue in his 2000

postconviction motion. Specifically, he contends, Attorney Hintze was ineffective for failing to raise these claims in the 2000 postconviction motion.

¶27 In some cases, ineffective assistance of postconviction counsel may constitute a "sufficient reason" for failing to raise an issue in an earlier motion. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681-83, 556 N.W.2d 136 (Ct. App. 1996). However, in such cases, the defendant has the burden to demonstrate that the issues he now seeks to raise were "clearly stronger" than the issues counsel included in the original motion. *Romero-Georgana*, 360 Wis. 2d 552, ¶4 (citing *State v. Starks*, 2013 WI 69, ¶6, 349 Wis. 2d 274, 833 N.W.2d 146, *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, 392 Wis. 2d 1, 944 N.W.2d 588).

¶28 Here, Thomas's current postconviction motion asserts that "the present issues are clearly stronger than the issue[s]" Attorney Hintze "ultimately pursued" in the 2000 postconviction motion. Yet, this assertion is entirely conclusory—the motion that Thomas filed in the circuit court did not provide any factual or legal analysis that compared the relative merits of the claims he now wants to raise with the claims that Attorney Hintze did raise in the 2000 postconviction motion, or that explained why the current claims are clearly stronger. Therefore, Thomas's allegation that Attorney Hintze's ineffectiveness constitutes "sufficient reason" for not raising the claims in his 2000 postconviction motion is conclusory, and the circuit court could have rejected it on that basis. *Romero-Georgana*, 360 Wis. 2d 522, ¶62 ("We will not assume ineffective assistance from a conclusory assertion; Romero-Georgana must say why the claim he wanted raised was clearly stronger than the claims actually raised. His motion is devoid of any such explanation.").

**CONCLUSION**

¶29 For all these reasons, we conclude that Thomas's postconviction motion is procedurally barred under WIS. STAT. § 974.06(4) and *Escalona-Naranjo*, 185 Wis. 2d at 184-85, and that the circuit court did not err in denying it.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.