COURT OF APPEALS
DECISION
DATED AND FILED

June 19, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1141**

Cir. Ct. No. **2013CF679**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

RODELL THOMPSON,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

Before Kloppenburg, P.J., Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Rodell Thompson, pro se, appeals a circuit court order denying his postconviction motion brought under WIS. STAT. § 974.06 (2023-24).[1]  We affirm on the ground that the claims in the motion are procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because the claims could have been raised in Thompson's direct appeal, and Thompson has not shown a sufficient reason for failing to raise the claims at that time.

## BACKGROUND

¶2     In 2013, Thompson was charged with second-degree sexual assault of A.B. by use of force, misdemeanor battery of A.B., and false imprisonment of A.B.[2] The charges against Thompson were based on an incident in which he was alleged to have lured A.B. into a house where he struck her in the head, made her urinate on the floor, and forced her to engage in sexual intercourse.

¶3     The case proceeded to a jury trial.  The State presented testimony from A.B., evidence that Thompson's DNA was found on a swab of A.B.'s vaginal area, and testimony from a sexual assault nurse who examined A.B.  Additionally, the parties stipulated that other acts evidence consisting of similar allegations from a different victim would be read to the jury in lieu of testimony.  Thompson testified and maintained that although he had sexual intercourse with A.B., it was consensual. The jury found him guilty on all three charges.

¶4     Thompson, by counsel, brought a postconviction motion and a direct appeal under WIS. STAT. RULE 809.30.  *See State v. Thompson*, No. 2015AP1764-

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  To protect her privacy, we refer to the victim using initials that do not correspond with her own.  *See* WIS. STAT. RULE 809.86(4).

CR, unpublished slip op. (WI App Aug. 4, 2016). He argued that: (1) the circuit court erroneously admitted the other acts evidence; (2) trial counsel was ineffective by failing to impeach A.B. about her assertion that Thompson made her urinate on the floor; and (3) trial counsel was ineffective in counsel's request for an in camera review of A.B.'s mental health records that the court denied. *Id.*, ¶¶1, 8, 24, 32. We rejected each of these arguments, and we affirmed Thompson's conviction. *Id.*, ¶1.

¶5 Subsequently, Thompson filed the pro se postconviction motion under WIS. STAT. § 974.06 that is at issue here. Thompson alleged that: (1) trial counsel was ineffective by making a "concession to the truthfulness" of the other acts allegations, thereby depriving Thompson of his rights to confrontation and cross-examination; (2) trial counsel was ineffective by violating Thompson's "autonomous right to maintain his innocence"; (3) trial counsel was ineffective by failing "to investigate or expand on … exculpatory testimony" from a friend of A.B.'s family who saw A.B. shortly after the alleged assault; and (4) the circuit court violated Thompson's right to due process by allowing the nurse examiner to testify as an expert to A.B.'s veracity, and trial counsel was ineffective by failing to properly object to this testimony.

¶6 The circuit court denied Thompson's WIS. STAT. § 974.06 motion without a hearing. The court concluded that Thompson was raising his claims in an improper forum and appeared to also conclude that the claims must instead be raised in the court of appeals in the first instance.

## DISCUSSION

¶7 Thompson argues that the circuit court erred by concluding that he raised his claims in the improper forum. He also argues that the claims are

sufficiently pled to warrant an evidentiary hearing, and that the claims are not procedurally barred.

¶8      The State concedes that the circuit court erred by concluding that Thompson raised his claims in the improper forum.  It argues that the claims are procedurally barred by *Escalona-Naranjo*, 185 Wis. 2d 168.  Under *Escalona-Naranjo*, "claims that could have been raised on direct appeal … are barred from being raised in a subsequent [WIS. STAT.] § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion."  *State v. Lo*, 2003 WI 107, ¶44, 264 Wis. 2d 1, 665 N.W.2d 756.

¶9      For the reasons we now explain, we conclude that Thompson's claims as pled in his current WIS. STAT. § 974.06 motion are procedurally barred and that an evidentiary hearing is not necessary to make this conclusion.  Whether claims are procedurally barred is a question of law that we decide independently of the circuit court, *State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997), and we affirm here based on this alternative ground.[3]

¶10      Thompson does not dispute that the claims in his current WIS. STAT. § 974.06 motion could have been raised in his direct appeal.  He argues instead that his claims should survive the procedural bar of *Escalona-Naranjo* because his postconviction counsel was ineffective in failing to bring those claims in his direct appeal.

---

[3] We may affirm the circuit court on an alternative ground when, as here, the record is adequate and the parties have had the opportunity to brief the issue. *See Glendenning's Limestone & Ready-Mix Co. v. Reimer*, 2006 WI App 161, ¶14, 295 Wis. 2d 556, 721 N.W.2d 704; *see also Milton v. Washburn County*, 2011 WI App 48, ¶8 n.5, 332 Wis. 2d 319, 797 N.W.2d 924 ("[I]f a circuit court reaches the right result for the wrong reason, we will nevertheless affirm.").

¶11    "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668.   However, "a defendant who alleges in a [WIS. STAT.] § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims [the defendant] wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *Id.*, ¶4.

¶12    Thompson argues that his current claims are clearly stronger than the claims that his postconviction counsel brought.  The State counters that Thompson has failed to satisfy the clearly stronger test.  For the reasons discussed below, we conclude that Thompson's claims as alleged in his current WIS. STAT. § 974.06 motion are not viable, let alone clearly stronger than the claims that postconviction counsel brought.

¶13    With one exception, Thompson's current claims are framed in terms of ineffective assistance of trial counsel.  To show ineffective assistance of trial counsel, a defendant must establish both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

¶14    Here, Thompson's first claim is that trial counsel was ineffective by making a "concession to the truthfulness" of the other acts allegations involving the

similar alleged assault of a different victim. This claim relates to counsel's stipulation to have the allegations read to the jury in lieu of testimony. We see two main weaknesses in this first claim.

¶15  First, the claim is based on an incomplete reading of the record relating to the parties' stipulation. Thompson focuses on the circuit court's initial statement to the jury about the stipulation in which the court told the jury that the parties had agreed that the allegations being read to them "should be taken as truth as facts presented in this case." However, the court then went on to explain that the jury had to accept the allegations "as if [they were] coming from a witness," and that the parties had jointly requested that the allegations be read "in lieu of the testimony" of the witness. Viewing the court's statements as a whole, a reasonable jury would have understood that the parties were agreeing that the allegations accurately represented what the alleged victim would have said if she had testified, not that the allegations were true.

¶16  Second, Thompson's current motion allegations do not provide a basis to conclude that trial counsel lacked an objectively reasonable basis to enter into the stipulation. As the State argues, the stipulation avoided live testimony by a second victim, which could have been more damaging to the defense.

¶17  Before proceeding to address Thompson's second claim, we note that his first claim relating to the other acts evidence is arguably not a new claim. Instead, arguably, it is a repackaging of arguments that Thompson made in his direct appeal relating to other acts evidence. However, even if viewed this way, the current claim would still be procedurally barred, albeit for a different reason. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no

matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶18    Turning to Thompson's second claim, Thompson contends that trial counsel was ineffective by failing to honor his "autonomous right to maintain his innocence." In other words, Thompson appears to be arguing that counsel failed to carry out his wishes relating to the presentation of an innocence defense.

¶19    This claim, like Thompson's first claim, has two main weaknesses. First, the claim is based on a misreading of the record because counsel *did* assert an innocence defense of sorts. Consistent with Thompson's testimony, counsel advanced an innocence defense by arguing that Thompson's sexual encounter with the victim was consensual. Second, Thompson does not explain what other innocence defense he could have reasonably raised. As the State points out, counsel pursued the only defense that was plausible given the DNA evidence against Thompson.

¶20    Thompson's third claim is that trial counsel was ineffective by failing "to investigate or expand on … exculpatory testimony" from a friend of A.B.'s family who saw A.B. shortly after the alleged assault. Thompson's motion allegations relating to this claim are not clear and not well explained, but the allegations appear to relate to providing an alternative explanation for A.B.'s injuries as documented by the nurse examiner.

¶21    If we construe these allegations liberally, we understand them to be as follows. The family friend saw A.B. shortly after the alleged assault occurred, and the friend testified that he sent A.B. home in a cab rather than calling 911. According to Thompson, this suggests that A.B. had no visible injuries at the time, because the friend would not have sent A.B. home in a cab if he had noticed that

A.B. was injured. Thompson alleges that further testimony by the friend would have revealed that the friend saw no visible injuries on A.B. Thompson alleges that this testimony would have supported Thompson's defense that the sexual encounter with A.B. was consensual, and that it could have shown that A.B.'s injuries were inflicted by A.B.'s boyfriend sometime after Thompson's consensual sexual encounter with A.B. but before A.B. was examined by the nurse the following day. Based on all of this, Thompson alleges that trial counsel was ineffective by failing to further investigate the family friend and failing to elicit further testimony from the friend.

¶22 In addressing this third claim, we first note that this claim, like Thompson's others, is based on an incomplete or inaccurate reading of the record. As the State points out, the family friend's testimony was generally inculpatory, not exculpatory, and it was not inconsistent with the possibility that A.B. had just been seriously assaulted. The friend testified that when he saw A.B., she was asking for help, she seemed "kind of distraught" and "distressed," and she "wasn't all there."

¶23 Regardless, and more to the point, Thompson's third claim is too speculative to be viable. A showing of prejudice in the context of ineffective assistance of counsel "requires more than speculation." *State v. Wirts*, 176 Wis. 2d 174, 187, 500 N.W.2d 317 (Ct. App. 1993). Here, Thompson's motion includes no statement from the family friend or other supporting allegations to establish that the friend would have testified that he saw no injuries on A.B. Rather, Thompson only speculates that this would have been the friend's testimony.

¶24 Further, Thompson's allegation that A.B.'s boyfriend might have been responsible for her injuries is also based on speculation. Thompson's motion includes no specific allegations to support an objectively reasonable belief that

8

A.B.'s boyfriend might have inflicted her injuries. We note that at trial, when Thompson testified that he was concerned that A.B.'s boyfriend would "beat her up or something," the prosecutor objected on grounds of speculation, and the circuit court sustained the objection. Thompson now appears to be repeating the same theme here, without pointing to evidence or allegations to back it up.

¶25 We turn to Thompson's fourth and final claim—that the circuit court violated his right to due process by allowing the nurse examiner to testify as an expert to A.B.'s veracity, and that trial counsel was ineffective by failing to properly object to this testimony. Thompson directs our attention to parts of the nurse examiner's testimony in which the nurse referenced A.B.'s account of the assault and then opined that A.B.'s injuries and pain were "consistent with" A.B.'s account.

¶26 Thompson argues that this testimony from the nurse examiner violated the prohibition against any witness, including an expert, offering an opinion on the veracity of another witness. This prohibition is set forth in *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984).[4] Thompson argues that the nurse examiner's testimony here was contrary to this rule because it amounted to a subjective opinion that A.B. was telling the truth.

¶27 We disagree. Although the nurse examiner's testimony may have bolstered A.B.'s credibility or corroborated A.B.'s account, she did not offer an opinion that A.B.'s injuries showed that A.B. must have been telling the truth or that A.B. must have been sexually assaulted by Thompson. *Cf. id.* (concluding that an expert opinion that the alleged victim "was an incest victim" amounted to an opinion

---

[4] Thompson cites *State v. Maday*, 2017 WI 28, 374 Wis. 2d 164, 892 N.W.2d 611, which relies on the prohibition set forth in *State v. Haseltine*, 120 Wis. 2d 92, 352 N.W.2d 673 (Ct. App. 1984).

that the victim was telling the truth). Rather, the nurse examiner testified that A.B.'s injuries were "consistent with" A.B.'s account. She acknowledged that the injuries could have had other causes, that she could not tell exactly when the injuries occurred, and that she could not "prove" that A.B. had been attacked. This was not a *Haseltine* violation.

## CONCLUSION

¶28     In sum, Thompson has not established that the claims alleged in his current WIS. STAT. § 974.06 motion are viable claims, let alone that the claims are clearly stronger than the claims that postconviction counsel brought in his direct appeal. Without such a showing, Thompson has not established a sufficient reason for failing to raise his current claims previously in his direct appeal. Accordingly, we conclude that the claims are procedurally barred by *Escalona-Naranjo*, 185 Wis. 2d 168, and on this ground we affirm the circuit court's denial of Thompson's § 974.06 motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.