COURT OF APPEALS
DECISION
DATED AND FILED

July 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP960**

STATE OF WISCONSIN

Cir. Ct. No. 2005CF69

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

CESAR RIVERA,

  DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Calumet County: ANGELA W. SUTKIEWICZ, Judge. *Affirmed in part, reversed in part and cause remanded*.

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Cesar Rivera appeals from a circuit court order denying his postconviction motion.  He contends that he was entitled to an evidentiary hearing on it.  For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.

¶2     In 2007, Rivera was convicted following a no contest plea to third-degree sexual assault.  He was placed on probation and admitted to his agent that he was not a United States citizen.  Soon thereafter, he was deported to Mexico.

¶3     Rivera later returned to the United States and was apprehended in 2016.  His probation was revoked for failing to update his address with the state's sex offender registry and failing to report to his agent.

¶4     Prior to his sentencing after revocation, Rivera, by counsel, filed a postconviction motion pursuant to WIS. STAT. § 974.06 (2023-24)[1] to withdraw his plea.  In it, Rivera principally argued that his trial counsel was ineffective for failing to inform him that his plea could result in having to register as a sex offender.[2]  After an evidentiary hearing on the matter, the circuit court denied the motion.  It then sentenced Rivera to eighteen months of initial confinement and

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Rivera also complained that he was not informed of the potential immigration consequences of his plea.  However, it does not appear that Rivera intended to raise a claim based on that alleged fact.  Indeed, when pressed on the subject at the evidentiary hearing, Rivera's counsel clarified, "The issue isn't whether he was advised of his immigration rights, the issue is whether he accepted the plea with the promise he would not have to register as a sex offender."  Counsel later added, "We don't have the transcript.  [Rivera's] never indicated that [he was not given the warning regarding immigration] to me.  Based upon the records I have reviewed that was not an issue."  Accordingly, the circuit court did not address the matter in its decision.

five years of extended supervision. Upon his release to extended supervision, Rivera was again deported to Mexico.

¶5      In 2022, Rivera, now represented by new counsel, filed another postconviction motion to withdraw his plea. The motion was brought pursuant to WIS. STAT. §§ 974.06 and 971.08(2)[3] and asserted that (1) trial counsel was ineffective for failing to investigate Rivera's case; and (2) the circuit court failed to advise Rivera of the potential immigration consequences of his plea as required by § 971.08(1)(c).[4] This time, the circuit court denied the motion without an evidentiary hearing.[5] Rivera moved for reconsideration, and the court denied that too. This appeal follows.

¶6      On appeal, Rivera contends that he was entitled to an evidentiary hearing on his most recent postconviction motion. The State, meanwhile, maintains that Rivera's claims were procedurally barred. Whether a postconviction motion is sufficient to warrant an evidentiary hearing and whether

---

[3] WISCONSIN STAT. § 974.06 permits defendants to bring constitutional or jurisdictional challenges to their sentences after the time for pursuing direct appeal has expired. WISCONSIN STAT. § 971.08(2), by contrast, involves statutory error and allows defendants to withdraw their pleas when the plea-accepting court fails to advise them of the potential immigration consequences of a plea, as required by § 971.08(1)(c), and the plea is likely to result in an adverse immigration consequence listed in § 971.08(2) such as deportation.

[4] WISCONSIN STAT. § 971.08(1)(c) requires the circuit court, before accepting a plea of guilty or no contest, to advise the defendant as follows:

> If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law.

[5] The circuit court did not believe that Rivera had standing to seek relief under WIS. STAT. § 974.06. It did not address the portion of the motion brought under WIS. STAT. § 971.08(2).

a claim is procedurally barred are questions of law that we review independently. *See* ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433; ***State v. Tolefree***, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶7      Here, we agree with the State that Rivera's claim against trial counsel for ineffective assistance was procedurally barred.  That is because Rivera could have raised the claim in his original postconviction motion and did not demonstrate a sufficient reason for failing to do so.[6]  *See* WIS. STAT. § 974.06(4);[7] ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994) (interpreting § 974.06(4)).  Accordingly, we affirm the portion of the circuit court order denying that claim.

¶8      However, we cannot conclude that Rivera's claim against the circuit court was also procedurally barred.  That is because WIS. STAT. § 971.08(2) is a standalone statutory claim that is not subject to the restrictions of WIS. STAT. § 974.06(4) and ***Escalona-Naranjo***, 185 Wis. 2d at 185.

---

[6] Rivera suggests that his ignorance of the law was a sufficient reason for not raising his claim against trial counsel earlier.  However, if ignorance of the law were to constitute a sufficient reason, it would effectively eviscerate the procedural bar of WIS. STAT. § 974.06(4) and ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).

[7] WISCONSIN STAT. § 974.06(4) provides as follows:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion.  Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

¶9      As for the WIS. STAT. § 971.08(2) claim itself, we are satisfied that it was sufficiently pled to warrant an evidentiary hearing.  That is, Rivera alleged sufficient facts that, if true, would demonstrate that (1) the plea-accepting court failed to advise him of the potential immigration consequences of his plea as required by § 971.08(1)(c); and (2) the plea is likely to (and in fact did) result in an adverse immigration consequence listed in § 971.08(2) such as deportation.  *See State v. Negrete*, 2012 WI 92, ¶33, 343 Wis. 2d 1, 819 N.W.2d 749.  Accordingly, we reverse the portion of the circuit court order denying that claim and remand the matter for an evidentiary hearing.  Because there is no transcript of the plea hearing, Rivera will have the burden of proving the above elements by clear and convincing evidence.  *Id.*, ¶¶31-32.

¶10     Finally, we reject the State's assertion that it is entitled to argue harmless error at the evidentiary hearing.  At the time of Rivera's conviction, claims under WIS. STAT. § 971.08(2) were subject to *State v. Douangmala*, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1, which rejected a harmless error analysis.  Although *Douangmala* has since been overruled by *State v. Reyes Fuerte*, 2017 WI 104, 378 Wis. 2d 504, 904 N.W.2d 773, *Reyes Fuerte* was not made retroactive to cases such as Rivera's that were final at the time of the decision.  We are not persuaded that the rule announced in *Reyes Fuerte*, which allows the State to argue harmless error in defending against § 971.08(2) claims, falls within any exception to the general rule of nonretroactivity.[8]  As such, Rivera's claim will be litigated without reference to harmless error.

---

[8] The State submits that the rule announced in *State v. Reyes Fuerte*, 2017 WI 104, 378 Wis. 2d 504, 904 N.W.2d 773, should be made retroactive because it constitutes a "watershed rule of criminal procedure," which is a recognized exception to the general rule of nonretroactivity.  *See State v. Lagundoye*, 2004 WI 4, ¶¶31, 33, 268 Wis. 2d 77, 674 N.W.2d

(continued)

5

*By the Court.*—Order affirmed in part, reversed in part and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

526. We are not convinced by the State's argument. To begin, our supreme court declined to view the related case of **State v. Douangmala**, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1 as announcing a watershed rule. *See **Lagundoye***, 268 Wis. 2d 77, ¶37. Moreover, watershed rules are exceedingly rare in retroactivity jurisprudence—often proving more theoretical than real. *See **Edwards v. Vannoy***, 593 U.S. 255, 267 (2021) (noting that the United States Supreme Court has identified only one procedural rule as watershed: the right to counsel recognized in **Gideon v. Wainwright**, 372 U.S. 335 (1963)).